DECISION AND JUDGMENT ENTRY
{¶ 1} This is a pro-se appeal from a judgment of the Lucas County Court of Common Pleas that denied appellant's motion to withdraw the "plea of guilty" he asserts he entered at his community control violation hearing. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} In September 1997, appellant was indicted on two counts of rape in violation of R.C. 2907.02(A)(2). Both counts were accompanied by a firearm specification. Appellant entered a no-contest plea to one of the rape counts and the other count was nolled. In February 1998, appellant was sentenced to five years of community control, which required him to participate in a work release program, a sexual offender program and drug and alcohol abuse treatment, as well as perform community service. In October 2000, appellant was found in violation of his community control. The trial court ordered his community control continued with the same terms and conditions. The matter was called for another community control violation in November 2000. After numerous continuances, a hearing was held on July 25, 2001. Appellant admitted to the violation and the trial court revoked his community control sanction. Appellant was ordered to serve a term of five years imprisonment for the original rape conviction.
 {¶ 3} A thorough review of the record in this case, which includes many pro-se filings in the trial court and this court over a period of several years, reveals that this is appellant's second appeal from the July 2001 revocation hearing. On August 24, 2001, appellant filed in the trial court a motion to withdraw what he referred to as the "guilty plea" he had entered at the revocation hearing. On December 19, 2001, the trial court denied that motion. Appellant appealed the denial to this court. We affirmed the trial court. See State v. Artiaga (May 9, 2003), 6th Dist. No. L-02-1021. On August 16, 2004, appellant again filed a motion to withdraw his "guilty plea" or, more accurately, his July 2001 admission to the community control violation. On November 18, 2004, the trial court denied appellant's motion.[1] Appellant then filed the instant appeal. Appellant sets forth eleven assignments of error,[2] all of which claim errors relating to the trial court's denial of his motion to withdraw his July 2001 "guilty plea."
 {¶ 4} In its November 2004 decision denying appellant's motion, the trial court noted that appellant's real complaint stems from the July 25, 2001 order revoking his community control and explained that the proper avenue for appellant would be to file a direct appeal from the order. Nevertheless, appellant argues in this appeal that the trial court should have held an oral hearing and granted his motion to withdraw his "guilty plea" to the community control violation. However, appellant did not enter a plea at the revocation hearing. He admitted to the violation and the trial court found that he did in fact violate the terms and conditions of his community control. A revocation hearing is not a criminal proceeding. See State v. Payne, 12th Dist. No. CA2001-09-081, 2002-Ohio-1916. Therefore, appellant's Crim.R. 32.1 motion to withdraw a plea was not the appropriate avenue for appellant to follow in his August 2001 or his August 2004 motion. We agree with the trial court that appellant should have filed a direct appeal from the trial court's revocation of his community control and imposition of sentence. We therefore find the trial court properly denied appellant's August 2004 motion. Accordingly, appellant's assignments of error numbered one through eleven are not well-taken.
 {¶ 5} On consideration whereof, this court finds appellant has not been prejudiced and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Parish, J., concur.
[1] The trial court did not mention the motion to withdraw it denied in December 2001.
[2] "I. The trial court erred to the prejudice of appellant, and abused its discretion, in denying without a hearing his motion to withdraw guilty plea to his probation violation when it failed to address ground for relief (B) [Blakely Claim] when the facts therein were undisputed by the State, and supported by the record; State and US Constitutions, in violation of appellant's 6th and 14th Amend. USCA and O Const. Art I § 10.
"II. The trial court erred to the prejudice of appellant, and abused its discretion, in denying without a hearing his motion to withdraw guilty plea to his probation violation, when it failed to address ground for relief seven (appellant's breach of contract claim), when facts therein were undisputed by the state; and supported by the record; State/Federal law, thus, violating due process and due course of law of a knowing, intelligent made plea.
"III. The trial court erred to the prejudice of appellant, and abused its discretion, in denying without a hearing his motion to withdraw guilty plea to his claim Lucas County lacked subject matter jurisdiction to revoke his probation, when these facts were undisputed by the state; and supported by the record; State/Federal case law and Ohio/US Constitutions. Violating due process and equal protection of the 14 Amend USCA, and O Const. Art 1 § 10.
"IV. The trial court erred to the prejudice of appellant, and abused its discretion, in denying without a hearing, his motion to withdraw guilty plea to his probation violation, when it asserted appellant had not supported his fatally defective indictment claim — (grounds for relief 1 and 2 withdrawal motion) with evidence or law, dispite [sic] the fact the record shows these supporting documents were served upon the court twice-prior to the denial; thus, violating the 14th Amend USCA, due process and equal protection, and due course of law.
"V. The trial court erred to the prejudice of appellant, and abused its discretion in denying without a hearing, his motion to withdraw guilty plea to his probation violation, when it failed to address ground for relief eight-appellant's claim the trial court had no authority to impose prison after a probation violation, when the original sentence never included a prison sentence, and these facts were never disputed by the state; and were supported by: the record, State and Federal case law, and Ohio Supreme Court precedent. Violating due process and equal protection 14 Amend USCA, and Ohio Const. Art. 1 § 10.
"VI. The court erred to the prejudice of appellant, and abused its discretion, in denying without a hearing his motion to withdraw guilty plea to his probation violation, when it failed to address ground for relief four-appellant's claim Lucas County had no subject matter jurisdiction to revoke his probation, where none existed in Ottawa County, when these facts were undisputed by the state, and supported by: the record and legal authorities. Violating due process and equal protection 14 Amend USCA and O. Const. Art. 1 § 2 and 10.
"VII. The trial court erred to the prejudice of the appellant, and abused its discretion in denying without a hearing, his motion to withdraw guilty plea/dismiss his probation violation, by failing to address appellant's questions of subject matter jurisdiction when these claims were undisputed by the state, and were supported by the record and legal authorities in violation of due process and due course of law.
"VIII. The trial court erred to the prejudice of appellant and abused its discretion I denying without a hearing his motion to withdraw guilty plea to his probation violation, when it failed to address ground for relief (A) [Blakely/jurisdictional claim]; when the facts therein were supported by the record and US Supreme Court case law and undisputed by the state. in violation of appellant's 6th and 14 Amend. USCA and Art. 1
sections 2 and 10, Ohio Const.
"IX. The trial court erred to the prejudice of appellant and abused its discretion in denying without a hearing his motion to withdraw/dismiss guilty plea to his probation violation; by failing to address appellant's ineffective assistance of counsel claims therein. When these claims were supported by the record and case law and undisputed by the state. Violating appellant's 6th and 14 Amend. USCA and due process and due course of law.
"X. The trial court erred to the prejudice of appellant and abused its discretion, in denying without a hearing, his motion to withdraw/dismiss his guilty plea to his probation violation; when it failed to address and/or consider ground for relief C [appellant's claim his Lucas County probation violation sentence denied equal protection]; when the facts therein were undisputed by the state and supported by the record and State/Federal law. in violation of his 6th and 14 Amend. USCA and due course of law.
"XI. The prosecutor committed misconduct by misleading the court. Asserting untruthfully that appellant's motion was attacking his 1998 no contest plea, when appellant was attacking only his 2001 Lucas County probation violation; and where the state untruthfully alleged appellant supplied no explanation or indictment to support his fatally defective indictment claim, when the record shows appellant had twice supplied these documents. violating appellant's due process rights."